OPINION
Charles David Bumbalough appeals from a judgment of the Montgomery County Court of Common Pleas, which adjudicated him to be a sexual predator. Subsequent to oral argument Monday, January 29, 2001, we examined State's Ex. 1 and Defendant's Ex. A, which were made part of the record at the sexual predator hearing.
In February 1992, Bumbalough was charged with two counts of rape, two counts of aggravated burglary, and one count of attempted rape based upon attacks against two women (Case No. 92-CR-331). In March 1992, Bumbalough was charged with an additional four counts of rape and one count of aggravated burglary, as well as one count of escape and one count of felonious sexual penetration, arising from a separate attack (Case No. 92-CR-608). He was found guilty by a jury of two counts of rape and one count of aggravated burglary in Case No. 92-CR-331. Before he was sentenced on those counts, Bumbalough pled guilty to one count of rape and one count of aggravated burglary in Case No. 92-CR-608, in exchange for which the other charges were dismissed. He was sentenced to an aggregate prison term in the two cases of thirty to fifty years.
In 1999, Bumbalough filed in the trial court a motion for leave to file a motion for new trial in Case No. 92-CR-331, to which he attached a motion for new trial and for postconviction relief. He alleged that he had received the ineffective assistance of counsel at trial. The trial court overruled the motion, and Bumbalough did not appeal from this judgment. In May 2000, Bumbalough filed a motion for leave to file a delayed appeal in this court, which we denied. State v. Bumbalough (Oct. 10, 2000), Montgomery App. No. 18308, unreported.
On April 27, 2000, a sexual predator hearing was held. The court determined that Bumbalough is a sexual predator.
Bumbalough raises three assignments of error on appeal. Each of these assignments challenges the sexual predator determination on the ground that Bumbalough's attorney in Case No. 98-CR-331 had had an undisclosed conflict of interest and thus had rendered ineffective assistance of counsel. As such, we will address the assignments of error together.
With respect to a person who was convicted of a sexually oriented offense prior to January 1, 1997, R.C. 2950.09(C)(1) provides that, upon the recommendation of the department of rehabilitation and correction, the trial court may conduct a hearing to determine whether the person is a sexual predator. A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). R.C. 2950.09(B)(2) and (C)(2)(b) require the trial court to "consider all relevant factors" in making this determination, including, inter alia, the offender's and victim's ages, the number of victims, the use of drugs or alcohol to impair the victim, mental illness or mental disability of the offender, and any display of cruelty during the commission of the offense.
Based on these factors, the trial court concluded that Bumbalough is a sexual predator. Bumbalough challenges this conclusion by claiming that there were "irregularities" in the proceedings which led to his convictions for sexually oriented offenses. Bumbalough claims that the trial court was required to "properly rectif[y]" these irregularities before it could adjudicate him to be a sexual predator. We disagree.
In conducting a sexual predator hearing, the trial court has neither the obligation nor the authority to delve into the correctness of the defendant's earlier conviction of a sexually oriented offense. It simply must find that the defendant "has been convicted of or pleaded guilty to committing a sexually oriented offense." The hearing is not a new trial. A defendant who believes he has been unjustly convicted has other avenues of relief, such as filing a direct appeal, a motion for a new trial, or a petition for postconviction relief. In this instance, Bumbalough did not pursue these remedies or was unsuccessful in doing so. A sexual predator hearing may not be used as a substitute for any of these other types of proceedings.
There being nothing in the record to demonstrate that the trial court's sexual predator determination was improper, Bumbalough's assignments of error are overruled. The judgment of the trial court will be affirmed.
FAIN, J. and YOUNG, J., concur.